**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

IN THE MATTER OF THE COMPLAINT      CASE NO.  5:17cv95-RH/GRJ
OF BILL GORMAN EXCURSION BOAT,
INC. AS OWNER AND OPERATOR OF
THE EXCURSION VESSEL M/V
ASHLEY GORMAN FOR EXONERATION
FROM OR LIMITATATION OF LIABILITY

_____/

**ORDER DENYING WITHOUT PREJUDICE
THE MOTION TO DISSOLVE THE INJUNCTION**

This case arises from an allision that occurred at the Port of Panama City,
Florida. Aurora Ramirez Leija asserts she was thrown from the M/V Ashley
Gorman and suffered serious injuries. The vessel's owner, Bill Gorman Excursion
Boats, Inc. ("Gorman") filed this limitation-of-liability action. An order was
entered establishing a procedure for submission of claims and enjoining other
actions arising from the allision.

Ms. Leija is apparently the only person who asserts a claim arising from the
allision. She has moved to dissolve the injunction. As she correctly notes,
dissolution of the injunction is permissible upon the claimant's filing of an
appropriate stipulation protecting the owner's right to limitation of liability. *See,*

*e.g.*, *Beiswinger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996). Here, though, Ms. Leija's stipulation falls short. This order denies the motion to dissolve the injunction but grants leave to cure the deficiencies.

There are four possible deficiencies. Not all would be sufficient, standing alone, to require denial of the motion to dissolve the injunction. But they should all be cured in support of any renewed motion.

First, the stipulation waives res judicata as a defense to limitation of liability. That could probably be construed to include issue preclusion, but the stipulation should eliminate any doubt by expressly waiving issue preclusion. *See id*. at 1037. Second, the stipulation must expressly include indemnity and contribution claims. *See In re Parks*, No. 2:10-cv-600-FtM-36SPC, 2011 WL 13142462, at *1 & n.1 (M.D. Fla. Mar. 9, 2011); *Beiswinger*, 86 F.3d at 1044. Third, the stipulation applies to claims in state or federal court, but there are other tribunals; the stipulation must include any forum. And fourth, the stipulation should make clear that if an award in another forum exceeds the limitation fund, Ms. Leija will not attempt to enforce it. *See Parks*, at *1 & n.2.

For these reasons,

IT IS ORDERED:

The motion to dissolve the limitation injunction, ECF No. 24, is denied

without prejudice.

SO ORDERED on November 17, 2018.

s/Robert L. Hinkle
United States District Judge